UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-60446-CIV-SINGHAL

KEVIN EUTSEY and
SATOR INVESTMENTS, LLC,

     Plaintiffs,

vs.

LEONARD J. POLK, JR., ESQ. and
GRAND LODGE OF IMPROVED BENEVOLENT
AND PROTECTIVE ORDER OF ELKS OF THE
WORLD, INC.,

     Defendants.
_____/

## **OMNIBUS ORDER**

**THIS CAUSE** is before the Court on Plaintiffs' Motion for Voluntary Dismissal Without Prejudice (the "Dismissal Motion") (DE [40]) and Defendants' Unopposed Motion to Extend Certain Pretrial Deadlines Pending Ruling on Plaintiffs' Motion for Voluntary Dismissal (DE [42]) (the "Extension Motion"). This litigation centers around events that occurred during a jury trial in the Seventeenth Judicial Circuit of Florida. That litigation is still pending.

This suit has been proceeding for months, and Plaintiffs have a fully briefed motion for summary judgment pending. (DE [21]). Plaintiffs requested leave to amend the complaint to add allegations of fraud. This Court denied the motion because of the late stage of litigation and because Plaintiffs had been long aware of those potential arguments and could have raised them earlier. (DE [39]). Having been denied the opportunity to amend, Plaintiffs now seek to dismiss this action without prejudice so they can still litigate with more causes of action at a later date. (DE [40] p. 4). Plaintiffs claim

they have new evidence of fraud—briefing by a different party in the state litigation—that Plaintiffs want to introduce in future proceedings. *Id.* One of the Plaintiffs recently suffered a family death and understandably wants to focus on family, not litigation.

This Court "enjoys broad discretion" to dismiss a case at a plaintiff's request "on terms that the court considers proper." *Pontenberg v. Bos. Sci. Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001); Fed. R. Civ. Proc. 41(a)(2). When determining whether to grant dismissal without prejudice, courts primarily consider whether dismissal would prejudice the opposing side. *See Pontenberg*, 252 F.3d at 1256; *Martin v. Allied Interstate, LLC*, 192 F. Supp. 3d 1296, 1300 (S.D. Fla. 2016). Courts consider the stage of litigation, the resources invested, and the ripe motions that are pending. *See generally*, *Holcomb v. Fed. Home Loan Mortg. Corp.*, No. 10-81186-CV, 2012 WL 12868404, at *1 (S.D. Fla. Feb. 9, 2012).

Here, voluntary dismissal, especially if not conditioned on Plaintiffs paying Defendants' costs and fees, would prejudice Defendants. Trial is currently scheduled in about three months. (DE [15]). Discovery is completed. (DE [20]). This litigation is nearing the end stage. Defendants have invested significant resources in defending this action. *See* (DE [41] p. 5-6). To dismiss the case now, making Defendants bear their costs but permitting Plaintiffs to litigate again when more convenient to them, would unfairly prejudice Defendants. Although this Court understands Plaintiff Eutsey's desire to spend more time with family, this Court cannot allow Plaintiffs to pause litigation now, attempt to strengthen their case, and then sue again at their convenience, all while forcing Defendants to brace for a second lawsuit and pay duplicative fees.

Defendants request that this Court dismiss this case with prejudice. But this Court is hesitant to dismiss a case with prejudice without full briefing on that decision from the

parties. Instead of depriving Plaintiffs of their opportunity to litigate the case anymore without giving them a chance to be heard on the issue of dismissal with prejudice, this Court leaves the matter in the hands of the parties. The litigation can continue, or Plaintiffs could move again to dismiss without prejudice but agree to pay Defendants' costs and fees. The parties could also agree on terms to dismiss the case with prejudice. But this is a decision for the parties to make, not this Court at this time. Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Dismissal Motion (DE [40]) is **DENIED.**

2. Defendants' Extension Motion (DE [42]) is **GRANTED IN PART AND DENIED IN PART.** The deadline to file pre-trial motions, including dispositive motions, is extended to **January 14, 2026.** The deadline to file motions *in limine* is extended to **January 21, 2026.** All other deadlines and dates remain as previously scheduled.

   **DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 31st day of December 2025.

   _____
   RAAG SINGHAL
   UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF