UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-60446-CIV-SINGHAL

KEVIN EUTSEY and
SATOR INVESTMENTS, LLC,

    Plaintiffs,

vs.

LEONARD J. POLK, JR., ESQ. and
GRAND LODGE OF IMPROVED BENEVOLENT
AND PROTECTIVE ORDER OF ELKS OF THE
WORLD, INC.,

    Defendants.
_____/

## ORDER

**THIS IS A LAWSUIT** about a lawsuit. Specifically, it is a federal lawsuit about whether the parties actually settled a state lawsuit. The state court ruled that the parties had not settled. Because that decision is preclusive, this Court is collaterally estopped from considering this case, and summary judgment is granted.

I.    BACKGROUND

Defendant Leonard J. Polk, Jr., Esq. is an officer and business representative of Defendant Grand Lodge of Improved Benevolent and Protective Order of Elks of the World, Inc. ("Grand Lodge"). (Stmt. Undisputed Fact (DE [45]) ¶¶ 1-2). Grand Lodge sued Kevin Eutsey and Sator Investments, LLC ("Sator") in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County (case number CACE-18-006142). (DE [45] ¶ 3). In the hallway during trial, Polk, as the representative of the Grand Lodge, made an oral agreement with Plaintiffs to settle the case. *Id.* ¶ 18. However, the Grand Lodge refused to acknowledge that an actual settlement had been reached, because their co-

party, Elks Lodge Project, Inc. d/b/a The Pride of Fort Lauderdale Lodge #652 Joint Management Team, rejected the terms of the agreement. *See* (Decl. Polk (DE 28-1 ¶ 24)).[1] Plaintiffs moved in state court to enforce the settlement agreement. (DE [45] ¶¶ 23-24). After an evidentiary hearing, the state trial court determined that no settlement agreement had been reached. (Order (DE [7-1]). Eutsey and Sator took an interlocutory appeal of the trial court's Order Denying Motion to Enforce Settlement, but the appeal was denied for lack of jurisdiction. (DE [44-3]). The trial court entered final judgment in favor of the Grand Lodge, and Eutsey and Sator appealed. That appeal is currently pending. (DE [28-2] at 20-23; [44-4]).

While the state trial was proceeding, Eutsey and Sator sued the Grand Lodge and Polk in this Court, bringing a breach of contract claim. Defendants have moved for summary judgment, and that motion is ripe for review. (DE [44]).

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment "is appropriate only if 'the movant shows that there is no genuine [dispute] as to any material fact and the movant is entitled to judgment as a matter of law.'" *Tolan v. Cotton*, 572 U.S. 650, 656–57 (2014) (per curiam) (quoting Fed. R. Civ. P. 56(a));[2] *see also Alabama v. North Carolina*, 560 U.S. 330, 344 (2010). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–

---

[1] Defendants claim that they had a prior agreement with the Joint Management Team to not settle the case without the approval of the Joint Management Team. Plaintiffs dispute the existence or validity of this agreement. Whether there was such an agreement between Defendants and the Joint Management Team is unimportant for this case. The parties agree that Defendants claimed to be bound by this agreement with the Joint Management Team.

[2] The 2010 Amendment to Rule 56(a) substituted the phrase "genuine dispute" for the former "'genuine issue' of any material fact."

2

48 (1986). The Court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *SEC v. Monterosso*, 756 F.3d 1326, 1333 (11th Cir. 2014). To prevail on a motion for summary judgment, "the nonmoving party must offer more than a mere scintilla of evidence for its position; indeed, the nonmoving party must make a showing sufficient to permit the jury to reasonably find on its behalf." *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1050 (11th Cir. 2015).

   III.   DISCUSSION

At its core, Plaintiffs request that this Court find, contrary to the state trial court, that a settlement agreement existed. The Court is collaterally estopped from reviewing the state court's decision.

Collateral estoppel, or issue preclusion, "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Miller's Ale House, Inc. v. Boynton Carolina Ale House, LLC*, 702 F.3d 1312, 1318 (11th Cir. 2012) (quoting *Taylor v. Sturgell,* 553 U.S. 880, 892 (2008)). For an issue to be precluded from the Court's review, four elements must be met:

> (1) the issue at stake is identical to the one involved in the prior litigation; (2) the issue was actually litigated in the prior suit; (3) the determination of the issue in the prior litigation was a critical and necessary part of the judgment in that action; and (4) the party against whom the earlier decision is asserted had a full and fair opportunity to litigate the issue in the earlier proceeding.

*Id.* All four factors are met here. Plaintiffs ask the Court to find that there was an enforceable settlement agreement between Grand Lodge and Plaintiffs, which is precisely what the Plaintiffs asked the state trial court to find. (DE [7-1]). This issue was actually litigated—Plaintiffs moved in state court to enforce the settlement

3

agreement, the state court held a hearing, and the court ruled there was no settlement agreement. *Id.* The resolution of that issue was key to the state court litigation—if there was a settlement agreement, the trial would end. If there was no settlement agreement, the trial would continue. And finally, the parties against whom the trial court's decision is being asserted—Eutsey and Sator—had a full opportunity to, and indeed did, litigate the issue. *Id.*

Plaintiffs argue that the state court's Order Denying Motion to Enforce Settlement cannot be given preclusive affect because it was an interlocutory decision and there is a pending appeal. But final judgment has been entered. (DE [28-2] at 20-23). All interlocutory orders merge into the final judgment. Fed. R. App. Proc. 3(c)(4); Rule 3 Committee Notes on Rules—2021 Amendments ("Designation of the final judgment confers appellate jurisdiction over prior interlocutory orders that merge into the final judgment."). The Order Denying Motion to Enforce Settlement is now part of the final judgment and can be challenged as part of Plaintiffs' active appeal of the final judgment. The state appellate court, not this Court, is the proper avenue for such arguments. This is why an appeal does not impact the preclusive affect of a final judgment. *See Uniloc USA, Inc. v. Motorola Mobility LLC*, 52 F.4th 1340, 1347 (Fed. Cir. 2022) ("[C]ollateral estoppel can be applied based on a district court decision that is still pending on appeal . . . ."). Otherwise, a state appellate court and federal district court could issue contradictory decisions, creating a conundrum. Instead, final judgments, like the one in the state court here, are given preclusive affect pending appeal. Collateral estoppel applies here.

4

## IV. CONCLUSION

Because Plaintiffs' one claim is collaterally estopped, the Court grants summary judgment. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion for Summary Judgment (DE [44]) is **GRANTED.**

2. The Clerk of Court is directed to **CLOSE** this case and **DENY AS MOOT** all pending motions. All deadlines and hearings are **CANCELLED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 27th day of February 2026.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF